FILED

JAN 20 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**Plaintiff**
**Joseph A. Soliz**
**v.**
**Defendant**
**Alamo College District, et al.**

**Case No. SA25CA0930OG**

# PLAINTIFF'S AMENDED COMPLAINT

## COVER SHEET

---

Plaintiff's Amended Complaint
Certificate of Service

---

Joseph A. Soliz, Pro Se
8915 Datapoint Dr. #45B
San Antonio, Tx 78229
210 898 5210
mylawportal@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**Plaintiff** **Case No. SA25CA0930OG**

**Joseph A. Soliz**

**v.**

**Defendant**

**ALAMO COMMUNITY COLLEGE DISTRICT**;

**MIKE FLORES**, in his official capacities;

**ADENA WILLIAMS LOSTON**, in her official capacities;

**ALEXANDRA RODRIGUEZ FIGUEROA**, in her official capacities;

**CHRISTOPHER BEARDSALL**, in his official capacities;

**DONALD FERNANDEZ**, in his official capacities;

**ELIZABETH LEON**, in her official capacities;

**ROY V. RUIZ**, in his official and individual capacities;

**OFFICER JAQUELINE TRISTAN** (ACPD), in her official and individual capacities;

**OFFICER LUIS MARTINEZ** (ACPD), in his official and individual capacities;

**OFFICER #3** (ACPD), in his official and individual capacities;

**OFFICER HERNANDEZ** (ACPD), in her official and individual capacities.

## PLAINTIFF'S AMENDED COMPLAINT

---

**PRELIMINARY STATEMENT**

1. This action arises from the unlawful seizure, prolonged detention, and custodial interrogation of Plaintiff, a public college student, by campus police officers acting under color of state law. Defendants removed Plaintiff from class, detained him for approximately thirty-six minutes without probable cause or a valid trespass order, questioned him after he invoked constitutional rights, and excluded him from class to serve administrative convenience rather than any legitimate law-enforcement purpose.

2. The Fourth Amendment applies fully to campus police officers employed by public institutions. *Terry v. Ohio*, 392 U.S. 1, 16–19 (1968). A seizure occurs when a reasonable person would not feel free to leave under the totality of the circumstances. *United States v. Mendenhall*, 446 U.S. 544, 554 (1980).

3. Defendants' conduct violated clearly established law. At the time of the incident, it was clearly established that detention without probable cause is unconstitutional, *Brown v. Texas*, 443 U.S. 47, 51–52 (1979); that officers may not prolong a detention beyond its lawful justification, *Rodriguez v. United States*, 575 U.S. 348, 354–57 (2015); and that law enforcement may not use police authority to effectuate administrative or private objectives. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206–07 (5th Cir. 2009).

4. Defendants' actions were not isolated mistakes but reflect institutional practices permitting campus police to remove students from class without due process, detain students absent lawful authority, disable body-worn cameras during critical encounters, and defer constitutional obligations to administrative demands. These customs and failures subject Alamo Community

College District to liability under *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978).

## ACADEMIC FREEDOM AND VIEWPOINT NEUTRALITY IN THE CLASSROOM

5. Academic freedom within a public college classroom is a "special concern of the First Amendment," and public institutions may not impose a "pall of orthodoxy" over academic inquiry or punish students for protected intellectual disagreement. *Keyishian v. Board of Regents*, 385 U.S. 589, 603 (1967).

6. Adult students at public colleges do not surrender their constitutional rights at the classroom door, and the classroom itself remains a core forum for the exchange of ideas. *Healy v. James*, 408 U.S. 169, 180–81 (1972).

7. While instructors possess limited pedagogical discretion to evaluate academic performance and maintain order, that discretion does not extend to viewpoint discrimination or retaliation untethered from legitimate educational objectives. *Papish v. Board of Curators*, 410 U.S. 667, 670 (1973).

8. Courts have consistently held that classroom discipline or grading decisions must be reasonably related to legitimate pedagogical concerns, and punitive actions based on disagreement with instructional content, methodology, or conclusions violate clearly established First Amendment principles. *Axson-Flynn v. Johnson*, 356 F.3d 1277, 1290–91 (10th Cir. 2004).

9. Here, Defendants' conduct publicly announcing punitive grading measures, and initiating discipline without reference to academic criteria or learning objectives constituted retaliation for

protected academic inquiry rather than legitimate pedagogy, in violation of Plaintiff's First and Fourteenth Amendment rights.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4). The Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this District and Defendants reside or operate here.

## PARTIES

12. Plaintiff **JOSEPH SOLIZ** is an individual and, at all relevant times, was a student at St. Philip's College, a constituent college of Defendant **ALAMO COMMUNITY COLLEGE DISTRICT**.

13. Defendant **ALAMO COMMUNITY COLLEGES DISTRICT** ("ACCD") is a public institution of higher education organized under Texas law and a municipal entity for purposes of 42 U.S.C. § 1983. ACCD operates Alamo Community College District and employed or supervised the individual Defendants at all relevant times.

14. Defendant **MIKE FLORES** was, at all relevant times, the Chancellor of Defendant Alamo Community College District and is sued in his official capacity only.

15. Defendant **ADENA WILLIAMS LOSTON** was, at all relevant times, the President of St. Philip's College and is sued in her official capacity only.

16. Defendant **ALEXANDRA RODRIGUEZ FIGUEROA** was, at all relevant times, the Director of Student Conduct and is sued in her official capacity only.

17. Defendant **CHRISTOPHER BEARDSALL** was, at all relevant times, the Dean for Academic Success and is sued in his official capacity only.

18. Defendant **DONALD FERNANDEZ** was, at all relevant times, the Department Chair and is sued in his official capacity only.

19. Defendant **ELIZABETH LEON** was, at all relevant times, the AIP Program Coordinator and is sued in her official capacity only.

20. Defendant **ROY V. RUIZ** ("Ruiz") was, at all relevant times, an instructor employed by Defendant Alamo Community College District and acting under color of state law. Ruiz exercised authority over classroom access, grading, and student discipline and was vested with delegated governmental authority over Plaintiff's participation in a public educational program. Ruiz is sued in his individual and official capacities.

21. Defendant **OFFICER JAQUELINE TRISTAN** is a sworn campus police officer employed by Defendant Alamo Community College District and acted under color of state law at all relevant times. Officer Tristan is sued in her individual and official capacities.

22. Defendant **OFFICER LUIS MARTINEZ** is a sworn campus police officer employed by Defendant Alamo Community College District and acted under color of state law at all relevant times. Officer Martinez is sued in his individual and official capacities.

23. Defendant **OFFICER #3**, whose identity is presently unknown, is a sworn campus police officer employed by Defendant Alamo Community College District and acted under color of state law at all relevant times. Officer #3 is sued in his individual and official capacities.

24. Defendant **OFFICER HERNANDEZ,** whose first name is presently unknown, is a sworn campus police officer employed by Defendant Alamo Community College District and acted under color of state law at all relevant times. Officer Hernandez is sued in her individual and official capacities.

**FACTUAL ALLEGATIONS**

25. Plaintiff incorporates all preceding paragraphs.

26. Alamo Community Colleges District maintains a Student Online Behavior Incident ("SOBI") reporting system used to document and disseminate behavioral allegations concerning students. Upon assignment to a course, instructors are granted institutional access to student records maintained through this system prior to substantive classroom interaction.

27. On January 18, 2024, Plaintiff attended class at St. Philip's College taught by Defendant Ruiz. Plaintiff arrived on time, took a seat, and engaged in no disruptive or unlawful conduct.

28. Defendant Ruiz did not appear for the start of class within the period required by Alamo Community College District policy. Despite this, Plaintiff remained seated and waiting.

29. Twenty-Seven minutes after the scheduled start of class Defendant Ruiz entered the classroom, he immediately focused on Plaintiff, demanded that Plaintiff leave the classroom, and threatened to summon campus police if Plaintiff did not comply.

30. Plaintiff declined to leave absent due process.

31. Rather than initiate any academic or disciplinary process, Defendant Ruiz exited the classroom and contacted campus police, falsely characterizing Plaintiff as disruptive and framing the situation as requiring immediate police intervention.

32. Defendant Ruiz did not report any contemporaneous criminal conduct, violence, or articulable safety threat. Instead, Defendant Ruiz sought police assistance to accomplish administratively what he lacked authority to do unilaterally: the immediate removal of Plaintiff from class.

33. Campus police officers responded at Defendant Ruiz's request and, acting in concert with Defendant Ruiz's directives and representations, removed Plaintiff from class, detained him, and excluded him from the educational setting.

34. Officer TRISTAN later acknowledged on video that the alleged disruptive conduct cited by Defendant Ruiz did not occur that day, confirming that Defendant Ruiz's request for police intervention was not based on any contemporaneous offense.

35. At no time prior to police involvement did Defendant Ruiz provide Plaintiff with meaningful notice of allegations, an opportunity to be heard, or any form of academic or disciplinary process before a decision was rendered to exclude Plaintiff from class until further notice.

36. Defendant Ruiz further communicated with campus administrators and police during the detention, reinforcing the demand that Plaintiff be excluded from class and framing the exclusion as necessary before Defendant Ruiz would continue teaching.

37. Defendant Ruiz's actions were the moving force behind Plaintiff's seizure, detention, and exclusion from class. But for Defendant Ruiz's invocation of police authority and mischaracterization of Plaintiff's conduct, campus police would not have detained Plaintiff.

38. Although Defendant Ruiz was not a sworn police officer, he acted under color of state law by exercising delegated authority over a public educational program and by willfully participating in joint action with campus police officers.

39. A private or non-law-enforcement actor acts under color of state law when he conspires with or is a willful participant in joint activity with state officials. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982); *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).

40. The Fifth Circuit has held that a person who invokes police authority to effectuate a deprivation of constitutional rights may be liable under §1983 where the deprivation would not have occurred absent that person's actions. *Morris v. Dearborne*, 181 F.3d 657, 668–69 (5th Cir. 1999).

41. Defendant Ruiz was not a mere complainant. He exercised coercive leverage over campus police by conditioning the continuation of class on Plaintiff's removal and by directing police to enforce an administrative outcome through detention.

42. Defendant Ruiz's conduct transformed campus police from neutral law-enforcement officers into instruments of administrative retaliation, rendering Defendant Ruiz a joint actor under §1983.

43. Defendant Ruiz initiated disciplinary action against Plaintiff based on naked assertions devoid of further factual enhancement, unsupported by evidence, specificity, or articulated policy

violations, and communicated in a manner that deprived Plaintiff of fair notice and procedural clarity.

44. During the incident, each responding officer deactivated their body-worn camera at various points, including during interactions involving administrative personnel, and later reactivated their cameras while in the presence of Plaintiff.

**CLAIM FOR RELIEF**

**COUNT I**

42 U.S.C. § 1983 — Unreasonable Seizure (Fourth Amendment)

46. At other times during Plaintiff's enrollment, and outside the applicable statute of limitations for independent claims, Plaintiff encountered a recurring pattern of escalated responses by instructors after they obtained access to Plaintiff's disciplinary history. The incidents described in paragraphs 46 through 54 are alleged solely as background and contextual facts, not as independent causes of action, and are offered to illustrate institutional practices, notice, and state of mind relevant to Plaintiff's timely claims.

47. On at least three occasions, instructors summoned campus police in response to routine classroom interactions that involved no contemporaneous misconduct, safety concern, or violation of articulated policy.

48. On one such occasion, an instructor interpreted a classroom remark by Plaintiff as questioning the instructor's credentials, ordered Plaintiff to leave the classroom. Due to concern for his personal safety based on the instructor's escalating demeanor and the request to meet

alone in a hallway, Plaintiff declined. The instructor then summoned campus police, converting a routine academic disagreement into a law-enforcement response.

49. On another occasion, an instructor responded to Plaintiff's objection to the use of religious symbols during class instruction by attempting to administratively remove Plaintiff from the course and summoning campus police, notwithstanding the absence of any contemporaneous misconduct or safety concern.

50. In a separate instance, an instructor administratively removed Plaintiff from a course based solely on Plaintiff's refusal to activate a camera, without referral to ordinary academic administrative processes.

51. Plaintiff reported to campus authorities concerns regarding the manufacture of ghost guns by students using St. Philip's College machine tools. Campus police thereafter interviewed the students identified in Plaintiff's report.

52. Following those interviews, a student approached Plaintiff and provided him with a sticker stating, "Snitches get stitches," under circumstances that Plaintiff reasonably perceived as intimidation or attempted influence related to his prior report.

53. Plaintiff reported this incident to campus police as potential witness intimidation.

54. After Plaintiff departed the area, campus police spoke with the student who had provided Plaintiff with the sticker.

55. Rather than pursuing further inquiry into the student's conduct, campus police or Alamo Community College District administration thereafter initiated what was described as a "civil

rights investigation" focused on Plaintiff, arising from information obtained during that subsequent interaction.

56. The Fourth Amendment prohibits unreasonable seizures, including investigatory detentions and arrests without probable cause. *Terry*, 392 U.S. at 20–22, prohibits the use of police authority to detain an individual absent probable cause or exigent circumstances. *Brown v. Texas*, 443 U.S. 47, 51–52 (1979).

57. Plaintiff was seized when officers removed him from class, escorted him to a controlled location, informed him he was detained, and retained him for an extended period. *Mendenhall*, 446 U.S. at 554.

58. Defendants jointly caused Plaintiff's seizure when campus police detained Plaintiff at Defendant Ruiz's direction and for Defendant Ruiz's administrative purposes.

59. Defendant Ruiz knowingly initiated and sustained Plaintiff's detention by invoking police authority without lawful justification and by reinforcing the demand that Plaintiff be excluded from class.

60. No reasonable instructor could believe that summoning police to detain a student for administrative noncompliance, absent criminal conduct, was lawful.

61. Defendants lacked probable cause or arguable probable cause. No trespass order existed, no contemporaneous crime occurred, and officers acknowledged the alleged conduct was historical.

62. Detention based on completed past conduct without exigency violates the Fourth Amendment. *Brown*, 443 U.S. at 52.

63. Defendants further violated the Fourth Amendment by prolonging the detention for administrative convenience after any justification dissipated. *Rodriguez*, 575 U.S. at 354–57.

64. The Fifth Circuit has made clear that detaining an individual to serve institutional or administrative interests rather than law enforcement objectives violates clearly established law. *Club Retro*, 568 F.3d at 206–07.

65. No reasonable officer could believe Defendants' conduct was lawful. Qualified immunity does not apply. *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009).

66. Because the constitutional violation was clearly established, neither the Defendants Officers nor Defendants Ruiz are entitled to qualified immunity.

**COUNT II**

42 U.S.C. § 1983 — Procedural Due Process (Fourteenth Amendment)

67. Plaintiff re-alleges all preceding paragraphs.

68. Plaintiff had a protected liberty and property interest in continued access to his public education and classroom attendance. *Goss v. Lopez*, 419 U.S. 565, 574 (1975).

69. Defendants deprived Plaintiff of that interest by removing him from class and excluding his return without meaningful notice, hearing, or opportunity to be heard.

70. Use of police authority to effect immediate exclusion without procedural safeguards violates due process. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

71. Once campus police were summoned and involved, Plaintiff reasonably understood that criminal jeopardy had attached or was imminent.

72. Plaintiff therefore declined to participate in a subsequent Zoom meeting with administrators, as any further statements made could be used for law-enforcement purposes.

73. This decision was a reasonable and constitutionally protected response to police involvement, not noncompliance with academic procedures.

## COUNT III

Municipal Liability — Monell

74. Plaintiff re-alleges all preceding paragraphs.

75. The constitutional violations were caused by policies, customs, or practices including:

- permitting removal of students by police without due process;
- detaining students absent probable cause to facilitate administration;
- disabling body-worn cameras during encounters;
- failure to train and supervise officers on constitutional limits.

76. Defendant Ruiz's conduct was foreseeable and enabled by these customs. The Alamo Community College District's failure to train instructors and officers on constitutional limits constituted deliberate indifference. *Monell*, 436 U.S. at 690–91; *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

77. Defendant Ruiz's actions, combined with police compliance, were the moving force behind Plaintiff's constitutional injury. *Monell*, 436 U.S. at 694.

**REQUESTS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award compensatory and punitive damages, jointly and severally, in a total amount not less than $5,000,000;

B. Award costs and reasonable attorney's fees as permitted by law;

C. Issue a permanent injunction requiring Defendant Alamo Community College District to provide students access to review, in their entirety, all SOBI (Strategies of Behavioral Intervention) reports concerning themselves without unreasonable administrative barriers, as required by FERPA;

D. Issue a permanent injunction requiring Defendant Alamo Community College District to include, in every course syllabus and student handbook, notice of the existence of the Alamo Community College District Educator's Code of Ethics and information sufficient to locate it;

E. Issue a permanent mandatory injunction requiring Defendant Alamo Community College District to expunge, delete, and permanently remove all SOBI (Strategies of Behavioral Intervention) reports, entries, notes, and any derivative or related records concerning Plaintiff from all institutional files, databases, and information systems, and to prohibit any further retention, use, dissemination, or reliance upon such records prior to the date of the court's injunction.

F. Grant all other relief deemed just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

____________________________________ Dated: _____ January 20th, 2026______________

Joseph A. Soliz, Pro Se
8915 Datapoint Dr. #45B
San Antonio, Tx 78229
210 898 5210
mylawportal@gmail.com

CERTIFICATE OF SERVICE

I, Joseph Soliz, hereby certify that a true and correct copy of the foregoing documents ---

- PLAINTIFF'S AMENDED COMPLAINT

was served on Gunner Seaquist by certified mail, return receipt requested,

on January 20th, 2026.

______________________________________________

Joseph A. Soliz, Pro Se
8915 Datapoint Dr. #45B
San Antonio, Tx 78229
210 898 5210
mylawportal@gmail.com