UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH SOLIZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | No. 5:25-cv-0930-DAE |
| vs. | § | |
| | § | |
| | § | |
| ALAMO COLLEGES DISTRICT *et al*., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Report") filed by Magistrate Judge Richard Farrer. (Dkt. # 42.) Plaintiff Joseph Soliz, who is proceeding *pro se*, has not filed objections. The Court finds this matter suitable for disposition without a hearing. After reviewing the Recommendation and the information contained in the record, the Court **ADOPTS** the Recommendation as the opinion of the Court and **DISMISSES** Plaintiff's claims in their entirety.

BACKGROUND

The Court adopts the following factual and procedural background from Judge Farrer's Report.

Plaintiff Joseph Soliz, who is proceeding *pro se*, was at all times relevant to this case a student at St. Philip's College, an individual college within

the Alamo Community Colleges District ("ACCD") system. He was enrolled in a class taught by Roy Ruiz, named as a defendant here.

On January 17, 2024, Soliz and Ruiz got into a dispute during class. Soliz was working on a lab exercise regarding electrical circuits. (Dkt. # 1-2 at 6.) His digital multimeter alarmed at least once. (Id. at 7.) Ruiz came over and offered to assist him, and Soliz told him that he would "get it figured out." (Id.) Ruiz then explained multiple times to Soliz that he was not following directions. (Id.) Soliz insisted that he was doing it his own way and asked Ruiz not to "micromanage" him. (Id.) Ruiz took away his lab papers, and Soliz took them back, refusing to relinquish them. (Id.) Ruiz threatened to summon campus police and instead summoned Elizabeth Leon, a St. Philip's staff member. (Id. at 7–8.) Ms. Leon attempted to resolve the issue with Soliz, but Soliz did not cooperate and "told [her] the conversation was over." (Id.)

The next morning, Ruiz sent an email to Soliz asking him not to attend class that day. (See id. at 24–25 (Email from Ruiz).) The email explained that, in Ruiz's view, Soliz had been unduly combative and had misused equipment, which Ruiz believed posed a safety risk, and that Soliz had refused to follow instructions and disrupted the class. (Id.) Soliz attended class anyway. (Id. at 12.) Ruiz approached Soliz and said that if he refused to leave, Ruiz would call campus police. (Id.) Soliz refused, and Ruiz followed through on his statement.

Campus police arrived and took Soliz with them to "temporary campus police offices." (Id.) They showed Soliz the email that Ruiz had sent that morning, establishing the grounds for his removal from class. (Id.) Campus administrators came by and were discussing the matter outside the office. Soliz, "hearing discussion about [him], left the campus police temporary offices and entered the hallway." (Id. at 13.) Soliz briefly talked over the incident with school administrators, who planned to scheduled him for a student conduct meeting to be held on Monday, January 22, 2024. (Id. at 13–14.) They then sent Soliz a notification for a Zoom meeting to take place on January 19, 2024. (Id. at 14.) Soliz states he did not attend the meeting because it was too short notice, and because he was unable "to engage counsel or be able to research or craft a defense." (Id.) As a result of the classroom dispute, Soliz states, he "was barred from both of Roy's class[es] he was enrolled in until he had additional safety instruction." (Id.) Soliz filed the present action on August 5, 2025. (Dkt. # 1). The Court held an initial pretrial conference on November 3, 2025; discovery was stayed until further order by the Court. (Dkt. # 24.) Soliz filed a "Notice of Amendment Identifying Previously Unknown Defendants" that "amend[ed] the Complaint solely to substitute" police officers not identified in the Original Complaint. (Dkt. # 28.) After being granted an extension of time to file a new amended complaint, Soliz then filed the live complaint, abandoning several causes

of action and streamlining his claims. (Dkt. # 33 (footnote omitted).). The present Motion to Dismiss soon followed, asking to dismiss this action for failure to state a claim. (Dkt. # 35.)

The live pleading names a dozen defendants and endeavors to state claims for (1) unreasonable seizure in violation of the Fourth Amendment via § 1983; (2) Fourteenth Amendment Procedural Due Process violations via § 1983; (3) municipal liability under Monell; and (4) First Amendment Retaliation via § 1983. (Dkt. # 31.) To the extent Soliz has attempted to plead other claims, the allegations in support are too vague and conclusory to state claims for relief. (See id. at 15 (making offhanded reference to "FERPA," i.e., the Family Educational Rights and Privacy Act, which in any case does not provide a cause of action, either alone or via § 19833 ); see also Dkt. # 39 at 6 (in which Soliz disclaims any intent to invoke Title VI of the Civil Rights Act and states that his reference to a "hostile educational environment" was to support a Monell claim, "offered as contextual evidence of an institutional custom or practice.").)

Plaintiff's Motion for Permission to File Electronically (Dkt. # 26) was granted by Judge Farrer on November 24, 2025. (Dkt. # 27.) Accordingly, when Judge Farrer filed the Report on August 28, 2026, the Report was electronically served to Plaintiff. (Dkt. # 42). Plaintiff thereafter did not file objections within 14 days of receipt and has not filed anything in this case since.

APPLICABLE LAW

The Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require *de novo* review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). Furthermore, conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's objections are based upon. See Palomo v. Collier, No. 23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2)); Malacara

v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

DISCUSSION

After careful consideration of the filings and the record, the Court **ADOPTS** the Magistrate Judge's Recommendation as the opinion of the Court. The Court finds that Judge Farrer's analysis is reasonable and absent of clear error.

The Magistrate Judge recommends dismissal on the basis that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 for violations of several constitutional rights. (Dkt. # 42.) In his amended complaint, Plaintiff alleged Alamo Community College District staff violated his Fourth and Fourteenth Amendment rights. (Dkt. # 33 at 9–15.) Judge Farrer concluded that Plaintiff had failed to state claims under § 1983, describing the complaint as an "attempt[] to mount a constitutional case for $5 million in compensatory damages, as well as other relief, on the basis of a minor classroom spat with an instructor over a failure to follow basic classroom instructions and a brief interaction with [Alamo College] police officers." (Dkt. # 42 at 4.)

Having carefully reviewed the Magistrate Judge's findings and the applicable law, the Court finds no clear error and agrees with the reasoning and recommendations set forth in the Report and Recommendation. Thus, the Court

**ADOPTS** Judge Farrer's Report in full. (Dkt. #8.) Accordingly, the Court dismisses Plaintiff's claims **WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Richard Farrer's Report and Recommendation. (Dkt. # 42.) **IT IS ORDERED** that Plaintiff's claims are **DISMISSED**. The Clerk is **DIRECTED** to **CLOSE THE CASE.**

**IT IS SO ORDERED**.

**DATED:** San Antonio, Texas, September 16, 2026

David Alan Ezra
Senior United States District Judge